# EASTER v. RALSTON.

REFERENCES; AUDITOR; EQUITY; TRUSTEES; ACCOUNTING.

1. The function of the auditor of the lower court is that of a master to whom is ordinarily assigned the duty of stating items of indebtedness and credit between the parties and ascertaining any balance that may be due; and it is not competent for the court, over the objection of one of the parties, to refer the entire decision of the case to him.

2. Where the answer to a bill in equity which seeks to hold a trustee liable for the malversation of his cotrustee on the ground of his neglect of duty, whereby the loss of the trust fund was permitted to occur, denies that any fund came into the hands of the defendant, puts in issue the charge of negligence, and claims special exemption from liability for any default of his cotrustee under the terms of the order of appointment, it is erroneous for the court, over the objection of the complainant, to refer the cause to the auditor to state the account of the trustee. The court should first determine the preliminary questions raised, as to whether the trustee is bound at all.

No. 1897.  Submitted October 6, 1908.  Decided October 21, 1908.

HEARING on an appeal (specially allowed) by the complainant from an order of the Supreme Court of the District of Columbia, sitting as a court of equity, referring the cause to the auditor over the objection of the complainant.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal that has been allowed from an order of the equity court referring the cause to the auditor, over the objection of the petitioner, Alice Tyler Easter.

The bill contains a lengthy recital of the facts on which the claim of the petitioner is founded; but, as the merits of the controversy are not now involved, a brief statement will be sufficient for the purposes of this appeal.

By the will of Mary McPherson, in the year 1873, a trust was created for the benefit of certain persons, but, by the death of all of them except the petitioner, she has become the sole beneficiary. Two trustees were nominated in the will, one of whom died, and the other was permitted to resign the trust in 1882, after accounting for the funds administered. The bulk of the trust property consisted of real estate. In 1882, a single trustee was appointed, "subject to the control and order of the court in matters touching the trust."

This trustee was removed October 17, 1890, for default, and Thomas E. Waggaman and William H. Raleigh were appointed cotrustees, each giving a separate bond in the sum of $10,000. Some funds in the registry of the court were turned over to them, and, by consent of the beneficiaries, they were authorized to sell the real estate, and did sell the same for $17,560. Twenty-five hundred dollars was paid in cash by the purchaser, and three notes executed for the remainder payable in three, six, and nine years, respectively, with 6 per cent interest. These were secured by first mortgage on the property conveyed. March 7, 1899, Raleigh was removed, on petition of the beneficiaries, and Jackson H. Ralston [the appellee] was appointed in his stead, giving bond in the sum of $10,000. Waggaman became a bankrupt. On petition of Ralston he was removed and H. L.

Rust substituted. It is charged in the petition, filed March 3, 1906, that the trust fund of about $17,000, has been wholly or chiefly lost. That mortgages to secure investments of the same have been released on loans that had been made of the funds to persons in the employ of Waggaman, and for his benefit, etc. It is not charged that these funds came into the actual possession of the trustee Ralston; but his liability therefor is founded on charges of gross negligence, by reason of which his cotrustee was permitted to use and to embezzle the funds.

The prayers are (1) for an accounting by Waggaman and Raleigh of the administration of the trust by them; (2) that Waggaman and Ralston shall account for the whole trust estate during their administration as cotrustees, and that each shall be held liable for any and all loss, deficiency, etc., and for every improper investment made during their administration; (3) that defendant Ralston shall account for the whole trust estate since the removal of Waggaman. The petition sets out in detail the history of the proceedings and the various acts in regard to the disposition of the funds.

Waggaman died without answering the bill, and Raleigh, whether served with process does not appear, has not answered. Ralston answered admitting the general facts alleged in the bill as to the history of the trust and so forth. He alleges that the decree appointing Raleigh, whom he succeeded, provided that "each trustee shall be responsible only for his own default;" that no funds came into his possession; that Waggaman, who had control of the fund, was a man of high character, enjoying the confidence of the community, and particularly that of petitioner, who relied upon him; that he had no knowledge of, and no reason to suspect, the malversation of Waggaman; and that he has been guilty of no negligence, and is not liable for the default of Waggaman. Replication was entered by the petitioner to this answer. Before the taking of testimony, Ralston moved for a reference to the auditor to take his account, which motion was denied March 7, 1907. It was renewed in March, 1908, and on the 23d day thereof, over the objection of the petitioner, an order was passed referring the cause to the auditor to state

the account of Ralston as trustee, and providing that, in stating said account, the auditor shall take into consideration the prayers of the petition, "and he shall inquire into the alleged acts of negligence and omission of said Jackson H. Ralston, set out in the aforesaid petition, and he shall take and report to this court such testimony as may be adduced before him either by the said Jackson H. Ralston or the said Alice Tyler Easter, and report the result of his inquiry to this court for such action as it may deem proper and appropriate."

*Mr. Leigh Robinson* and *Mr. Conway Robinson,* for the appellant:

1. Without consent of the parties, the court had no power or authority to refer the cause to the auditor before proofs taken and a hearing of the cause by the court upon the pleadings and proofs, and an adjudication by the court of the matters put in issue by the pleadings. 2 Bates, Fed. Eq. Proc. § 753, p. 802; *Whitwell v. Willard,* 1 Met. 218; Foster, Fed. Pr. § 307; *Kimberly v. Arms,* 129 U. S. 524; 3 Greenl. Ev. § 332; *Ward v. P. & M. R. Co.* 4 Fed. 862, 863; *Garniger v. Palmer,* 126 Fed. 910, 911, 916; *Morris v. Taylor,* 23 N. J. Eq. 134; *L. Ins. Co. v. Grant,* 3 MacArth. 42, 48, 49; *Wessells v. Wessells,* 1 Tenn. Ch. 58, 60; *Cobb v. Jameson,* 1 Tenn. Ch. 604, 607; *Jones v. Douglass,* 1 Tenn. Ch. 358, 360; *Eubank v. Wright,* 2 Tenn. Ch. 540; *Kay v. Fowler,* 7 T. B. Mon. 593, 595; *Sharp v. Morrow,* 6 T. B. Mon. 300, 303; *Dorsey v. Hammond,* 1 Bland, 463, 466, 469; *Neale v. Hagthorp,* 3 Bland, 551; *Lunsford v. Bostion,* 16 N. C. (1 Dev. Eq.) 483, 490, 491; *M'Lin v. M'Namara,* 1 Dev. & B. 408, 409; *Mosier v. Norton,* 83 Ill. 525; *Hicks v. Hogan,* 36 Ark. 301; *Ward v. Paducah etc. Co.* 4 Fed. 862; 2 Dan. Ch. Pr. pp. 1168, 1169; *Early Times Distillery Co. v. Zeiger,* 66 Pac. 532.

2. Chief Justice Clabaugh's decision on the two prior motions should have been held by Mr. Justice Gould as conclusive upon him, on the identical question, between the identical parties, in the identical cause. *Herrick v. Belknap,* 27 Vt. 699.

*Mr. Eugene A. Jones,* for the appellee:

We concede that in a suit for an accounting, where the right of the complainant to have any account at all, is denied by the defendant, the defendant is entitled to have that issue decided by the court upon proof taken in the usual course before he can be compelled to account in the master's office; and we believe that the cases cited in the brief of opposing counsel go no further than this. But, where the right to an accounting is undisputed, we submit that the chancellor has a right, to be exercised in his discretion, to refer the cause to a master to take the evidence and report his findings to the court. It has been a right of the chancellor, resting wholly in his discretion, which has existed from the time of the creation of the office of master in chancery, to call to its aid the services of a master when an issue of fact arises, or when the suit involves the settlement of an account. *Nelphi Irrig. Co.* v. *Jenkins,* 8 Utah, 369, in which is cited *Church* v. *United States,* 140 U. S. 665; *Barey* v. *Gallagher,* 20 Wall. 670; *Commercial Bank* v. *McAuliffe,* 92 Wis. 242; *Vaney* v. *Toledo,* 67 Fed. 379.

One of the rules of evidence in equity cases is, that it is only necessary for the plaintiff, in order to entitle him to a decree, to prove so much of the allegations in the bill as is necessary to entitle him to a decree. "Thus" (as said by Mr. Daniel in his work on Chancery Practice), "where the suit is for an account, all the evidence necessary to be read at the hearing is that which proves the defendant to be an accounting party, and then the decree to account follows of course; and any evidence as to the particular items of an account, however useful they may be in a subsequent stage of the cause, would be irrelevant at the original hearing." See, in support of this, *Dubourg de St. Colombe* v. *United States,* 7 Pet. 625; *Hudson* v. *Trentor Mfg. Co.* 1 C. E. Green (N. J.) 475; *Lockett* v. *Lockett,* L. R. 4 Ch. 336.

In this case no issue having been made as to the duty of the appellee to account, the case could properly be brought to a hearing on the pleadings without proof, and the appellant would be

entitled to a decree for an account, the very decree or order that is appealed from.

An examination of the record discloses this, there is no issue of fact made by the pleadings; the answer of the appellee admits substantially all of the allegations of fact made in the appellant's petition, but it denies the conclusions of law therein set forth, to wit, that the appellee, by reason of those facts, became personally and individually accountable for any loss of the trust estate. The case might, therefore, at any time have been calendared for hearing on petition and answer upon the order of the appellant. What, in that event, would have been the decree? Why a decree for an accounting and a reference to the auditor to state the account, with directions to consider and report on the question of personal liability as a part of the accounting, the very order appealed from. We ask the attention of the court to the language of the order appealed from. It directs the auditor "to inquire into the alleged acts of negligence and omission of said Jackson H. Ralston,—and he shall take and report to the court such testimony as may be adduced before him either by said Jackson H. Ralston, or said Alice Tyler Easter, and report the results of his inquiry to this court for such action as it may hereafter deem proper and appropriate."

Is this a delegation to the auditor of any of the judicial functions of the chancellor?

The duties of masters are various, and difficult to be specified; for there is no question of law or equity, or disputed fact or facts, which a master may not have occasion to decide upon, or respecting which he may not be called upon to report his opinion to the court. And it would be tedious to specify every head of reference to a master, because they are almost as numerous as the matters subject to the jurisdiction of the court itself. It may be observed generally, however, that references to a master upon decrees or decretal orders are made for either of the following purposes: (1) To take accounts and make computations; (2) to make inquiries; (3) to perform some special ministerial acts directed by the court, such as the sale of property, the settlement of deeds, the appointment of new trustees, etc.

Vol. XXXII.—2.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The single question involved is whether it was competent for the court, without the consent of the parties and against the expressed wish of the petitioner, to refer the cause to the auditor before a hearing upon the pleadings and evidence and an adjudication of the matters put in issue.

This is not the case of an ordinary proceeding against a trustee for an account of the administration of an estate, where the trust relation and duty, as well as the existence and possession of the fund, have been admitted or established, and nothing but the statement of an account is required, the items of which, when reported, may form the subject-matter of exceptions by a dissatisfied party. The relation of trustee is admitted, but it is denied that any funds came into the possession of the trustee for which it is his duty to account. Nor is the petition directed to obtaining an account of trust funds actually in possession of and administered by him. On the contrary, it seeks to hold him liable for the malversation of his cotrustee on the ground of his alleged neglect of duty whereby the loss of the fund was permitted to occur. The answer, to which replication was made, puts this charge of negligence in issue, and further claims special exemption from liability for any default of the cotrustee under the terms of the order of appointment. Thus was raised a preliminary question necessary to be determined before the account can properly be taken. It is whether the petitioner is entitled to relief prayed; that is to say, whether the trustee is bound to account at all as prayed in the petition.

The auditor is not a judicial officer to whom, without the consent of the parties at least, the determination of this question can be delegated. His function is that of a master, to whom is ordinarily assigned the duty of stating items of indebtedness and credit between parties, and ascertaining any balance that may be due. As has been said by the Supreme Court of the United States: "It is not within the general province of a master to pass upon all the issues in an equity case, nor is it compe-

tent for the court to refer the entire decision of a case to him without the consent of the parties. It cannot, of its own motion, or upon the request of one party, abdicate its duty to determine by its own judgment the controversy presented, and devolve that duty upon any of its officers." *Kimberly* v. *Arms,* 129 U. S. 512, 524, 32 L. ed. 764, 768, 9 Sup. Ct. Rep. 355.

In that case a reference had been made by consent, which presented a different question, but the statement was made of the general rule, governing in cases where there has been no consent to the reference, that has always prevailed. The rule in all cases of reference is thus laid down in an excellent treatise on equity procedure:

"Before a cause is referred to a master to take and state an account between the parties, the following preliminary steps should be taken, *as conditions precedent to the reference, viz.:* (1) The pleadings should be perfected and the cause put at issue; (2) *the parties should take the proofs upon the issues made by the pleadings,* as fully as the nature of the case will allow; (3) *the cause should be regularly set down for hearing;* (4) the cause should be regularly *heard* upon the *pleadings* and the *evidence* by the court; (5) upon such hearing *the court should pass upon all the issues made by the pleadings,* and should enter an interlocutory decree *declaring the rights of the parties,* and *also settling and declaring the principles upon which the account is to be taken;* (6) the decree should refer the cause to a master *to take and state the account in accordance therewith* and report to the court, and all other matters should be reserved until the coming in of the report; (7) .the order of reference *must be founded upon,* and *cannot* be more extensive than, the *pleadings* and *the proofs."* 2 Bates, Fed. Eq. Proc. Sec. 753. See also 3 Greenl. Ev. Sec. 332; *Neale* v. *Hagthrop,* 3 Bland, Ch. 551, 561; *Phœnix Mutual L. Ins. Co.* v. *Grant,* 3 MacArth. 42, 48; and many other authorities cited in the brief for appellant. Our attention has been called to no authority to the contrary..

In the state of the case as presented by the record, we are .of the opinion that it was the duty of the court to determine

the questions put in issue by the pleadings of the parties, upon evidence to be taken in support thereof, and to lay down the principles for the guidance of the auditor in stating whatever account might then be ordered to be taken.

For the reasons given, the order will be reversed, with costs, and the case remanded for further proceedings not inconsistent with this opinion.                              *Reversed.*